NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**30425**
**16-SEP-2013**
**08:24 AM**

NO. 30425

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


EDDIE SOLTREN and NANCY SOLTREN,
Plaintiffs/Counterclaim Defendants/Appellants,
v.
EDWIN SMITH, ERLETTE SMITH,
Defendants/Counterclaim Plaintiffs/Appellees
and
HENRIETTA PHILLIPS, Defendant/Appellee,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE "NON-PROFIT" CORPORATIONS 1-10,
and DOE GOVERNMENTAL ENTITIES 1-10, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 07-1-0165)


MEMORANDUM OPINION
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Plaintiffs/Counterclaim-Defendants/Appellants Eddie
Soltren (Eddie Soltren) and Nancy Soltren (collectively, the
Soltrens) appeal from the March 10, 2010 Judgment (Judgment) and
the April 19, 2010 Amended Judgment (Amended Judgment) entered in
the Circuit Court of the Fifth Circuit[1] (circuit court).

The Judgment was entered in favor of
Defendants/Counterclaim-Plaintiffs/Appellees Edwin Smith and

---

[1] The Honorable Kathleen N.A. Watanabe presided.

Erlette Smith (the Smiths) and Defendant-Appellee Henrietta Phillips (Phillips) (collectively, Defendants/Appellees) and against the Soltrens. The Judgment was granted in accordance with an "Order Granting [the Smiths] and [Phillips'] Motion for Summary Judgment" filed on January 22, 2010 (1/22/10 Order Granting Summary Judgment).

The Amended Judgment further awarded Defendants/Appellees their attorney's fees and costs, in accordance with an order granting fees and costs filed on April 19, 2010 (4/19/10 Order Granting Fees/Costs).

On appeal, the Soltrens contend that the circuit court erred when it: (1) imposed sanctions against the Soltrens that were not commensurate with the Soltrens' discovery and trial setting order offenses, (2) denied the Soltrens' motion to extend pretrial deadlines, and (3) denied the Soltrens' motion for leave to file a first amended complaint.

Based on their first two points of error, the Soltrens contend that this court should vacate the following and remand for further proceedings: (a) an order granting the Defendants/Appellees' motion for sanctions, filed on February 26, 2009 (2/26/09 Sanction Order); (b) an order granting Defendants/Appellees' motion in limine precluding the Soltrens from presenting evidence as to monetary damages, filed on October 5, 2009 (10/5/09 Sanction Order re Monetary Damages); (c) an order granting the Defendants/Appellees' motion in limine precluding the Soltrens and any of the Soltrens' witnesses from testifying at trial, filed on October 5, 2009 (10/5/09 Sanction Order re Witnesses); (d) the 1/22/10 Order Granting Summary Judgment; (e) the Judgment; (f) the 4/19/10 Order Granting Fees/Costs; and (g) the Amended Judgment.

2

Based on their third point of error, the Soltrens contend this court should remand the case and allow them to file a first amended complaint.

For the reasons discussed below, we affirm the Judgment and the Amended Judgment.

### Points of Error 1 and 2

As asserted by the Defendants/Appellees, the Soltrens do not raise a point of error contending that the circuit court's grant of summary judgment in favor of the Defendants/Appellees on the complaint and the counterclaim was erroneous. We thus do not reach the substantive question whether the circuit court's summary judgment ruling was correct. Hawai'i Rules of Appellate Procedure (HRAP) 28(b)(4) ("Points not presented in accordance with this section will be disregarded . . . .").

At most, and as noted above, the Soltrens' opening brief indirectly contends that, because the circuit court erred when it sanctioned the Soltrens and when it denied their motion to extend pretrial deadlines, this court should *inter alia* vacate the summary judgment order. However, nowhere in the opening or reply briefs do the Soltrens argue or explain why their alleged points of error warrant vacating the summary judgment ruling. The Soltrens have thus waived the issue of whether the circuit court's sanction orders and refusal to extend deadlines somehow affected the validity of the summary judgment ruling. HRAP 28(b)(7) ("Points not argued may be deemed waived.").

Even if we assume there has not been a waiver, the issues raised by the Soltrens would not undermine the binding effect of the summary judgment ruling and the Judgment entered thereon. First, although the sanction orders issued by the circuit court precluded the Soltrens from presenting any evidence of monetary damages and any witnesses *at trial*, the circuit court explicitly ruled with regard to the summary judgment motion that

3

the court was *not* striking anything and that the court was considering everything before it related to that motion.[2] Thus, even if the circuit court erred in issuing the sanction orders as to what could be presented *at trial*, that ruling had no impact on the summary judgment ruling. We need not address whether the sanction orders were proper where the summary judgment is binding and no trial will be held.

Second, and similarly, it does not appear that the circuit court's refusal to extend pretrial deadlines had any impact on the summary judgment motion or ruling. The Soltrens filed an opposition to the summary judgment motion that included *inter alia* the declaration of Eddie Soltren and various exhibits, which were considered by the circuit court. Further, the Soltrens do not raise on appeal any argument that they needed more time for discovery to respond to the summary judgment motion.

Even if the requested extension of pretrial deadlines could have somehow affected the summary judgment motion, the circuit court properly refused to extend the deadlines given the Soltrens' dilatory conduct in this case. The Soltrens filed the complaint in this case on October 31, 2007. On January 22, 2009, the circuit court issued an order setting trial for the week of September 21, 2009 and set related pretrial deadlines. Based on the record, it appears that the Soltrens did not seek discovery until one week before the discovery cutoff date of July 21,

---

[2] In support of their summary judgment motion, Defendants/Appellees submitted the affidavits of Erlette Smith, Phillips and counsel, as well as numerous exhibits, including the deposition of Eddie Soltren. The circuit court found Eddie Soltren's deposition testimony significant in resolving the summary judgment motion. In opposition, the Soltrens submitted the declarations of Eddie Soltren, Ashawna Hailey, Brysone Nishimoto and counsel, as well as numerous exhibits.

4

2009.[3] Ten days after the discovery cutoff, the Defendants/Appellees filed their motion for summary judgment on July 31, 2009. On the same date, July 31, 2009, the Soltrens filed a motion seeking to file a first amended complaint, continue trial, and to extend the pretrial deadlines. The Soltrens thus filed their request to extend the pretrial deadlines approximately a month and a half before the scheduled trial and after certain pretrial deadlines, such as the discovery cutoff and the deadline to name witnesses, had passed. Given these circumstances, the circuit court did not abuse its discretion in refusing to extend pretrial deadlines. Thus, even if we reach the issue of the circuit court's denial of pretrial deadlines, it would not affect the validity of the summary judgment ruling.

As with the summary judgment ruling, the Soltrens provide no argument as to why their points of error 1 and 2 should impact the circuit court's award of fees and costs, nor do they directly challenge the substantive ruling awarding fees and costs. These issues are thus waived. Moreover, because the summary judgment ruling is binding, we see no basis to vacate the award of fees and costs.

<u>Point of Error 3</u>

In their third point of error, the Soltrens contend that the circuit court erred in denying their request to file a first amended complaint. "[T]he grant or denial of leave to amend under [Hawaiʻi Rules of Civil Procedure (HRCP)] Rule 15(a)

---

[3] Earlier in the case, the Soltrens had also demonstrated their lack of diligence when they failed to respond to a document request from the Defendants/Appellees. As a result, the circuit court issued an order compelling the Soltrens to respond to the request and to produce documents. The Soltrens violated the court's order and failed to produce any documents. The circuit court thus issued a sanction order precluding the Soltrens from utilizing as evidence any documents that should have been produced pursuant to the court's prior order.

is within the discretion of the trial court." Tri-S Corp. v. W. World Ins. Co., 110 Hawai'i 473, 490, 135 P.3d 82, 99 (2006) (citations and internal quotation marks omitted). We conclude that the circuit court did not abuse its discretion when it denied the Soltrens' motion to amend.

HRCP Rule 15 permits a party to amend its pleading by leave of court and provides that "leave shall be freely given when justice so requires." HRCP Rule 15(a)(2). However, the circuit court may properly consider whether there are circumstances weighing against granting leave to amend, such as undue delay and whether allowing an amendment would result in undue prejudice to an opposing party.

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Tri-S Corp., 110 Hawai'i at 490, 135 P.3d at 99 (quoting Associated Eng'rs & Contractors, Inc. v. State, 58 Haw. 187, 218-19, 567 P.2d 397, 417 (1977)).

The Soltrens proposed to amend their complaint by dismissing the Smiths as defendants and alleging the following causes of action against Phillips: breach of contract, breach of covenant of good faith and fair dealing, fraudulent inducement and/or negligent misrepresentation, tortious interference with prospective economic advantage, and intentional infliction of emotional distress.[4]

As noted above, the Soltrens did not seek leave to file the amended complaint until July 31, 2009, which was fifty-two (52) days prior to the scheduled trial. By the time the Soltrens

---

[4] The complaint filed on October 31, 2007 named the Smiths and Phillips as defendants and alleged causes of action for breach of contract, specific performance, equitable estoppel, fraud, and ratification/affirmation.

sought to amend their complaint, the discovery cutoff date had expired ten days before, on July 21, 2009, and numerous deadlines set by the court had expired (such as the deadlines to submit exhibits, proposed jury instructions, a proposed verdict form, motions in limine, and designation of witnesses). Moreover, the Soltrens filed their motion seeking to amend the complaint on the same day that the Defendants/Appellees had filed their motion for summary judgment.[5]

Under these circumstances, there was undue delay on the part of the Soltrens and the Defendants/Appellees would have suffered significant prejudice if leave was granted to amend the complaint at that late date. Hence, the circuit court did not abuse its discretion in denying the Soltrens' request to file an amended complaint.

### Conclusion

The Judgment entered on March 10, 2010 and the Amended Judgment entered on April 19, 2010, in the Circuit Court of the Fifth Circuit, are affirmed.

DATED: Honolulu, Hawaiʻi, September 16, 2013.

On the briefs:

Donna E. Richards
Mark R. Zenger
(Richards & Zenger)
for Plaintiffs/Appellants

Harold Bronstein
for Defendants/Appellees

Chief Judge

Associate Judge

Associate Judge

---

[5] It is understandable that Defendants/Appellees would be filing their summary judgment motion at this time because, pursuant to HRCP Rule 56(b), the deadline for filing a motion seeking summary judgment on the complaint was due fifty (50) days before trial.